# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | David H. Coar | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 7652 | **DATE** | 9/23/2002 |
| **CASE TITLE** | Jefferi A. Smith vs. Jo Anne B. Barnhart, Commissioner of Social Security | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Plaintiff's Motion for Attorney Fees Under the Equal Access to Justice Act

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons set forth in the attached Memorandum Opinion and Order, plaintiff's motion for attorney fees under the Equal Access to Justice Act is GRANTED [22-1]. Plaintiff is awarded attorney fees in the amount of $6,113.89.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | **Document Number** |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | SEP 2 4 2002 | |
| | Notified counsel by telephone. | | date docketed | 27 |
| X | Docketing to mail notices. | | CV | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| klb (lc) | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JEFFERI A. SMITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 00 C 7652 |
| v. ) | |
| ) | HONORABLE DAVID H. COAR |
| JO ANNE B. BARNHART, Commissioner of ) | |
| Social Security, ) | |
| ) | DOCKETED |
| Defendant. ) | |
| | SEP 2 4 2002 |

## MEMORANDUM OPINION AND ORDER

Before this court is the motion of Jefferi A. Smith ("Smith" or "plaintiff") for attorney fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d). The Commissioner opposes the motion on the grounds that the Commissioner's position was substantially justified. For the reasons set forth below, Smith's motion is granted.

**I.      Procedural Summary**

This action arises from plaintiff's applications for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) under Titles II and XVI of the Social Security Act. See 42 U.S.C. §§ 416(i), 423(d), 1381a, 1382c. The facts of this case are laid out in substantial detail in this Court's Memorandum Opinion and Order of March 21, 2002 and are only briefly summarized here. Plaintiff applied for DIB on February 5, 1997, claiming that he had been disabled since August 22, 1991, by chronic headaches and mental illness. His DIB application was denied initially, he requested reconsideration, and filed an application for SSI, which was given a protective filing date of October 28, 1997. Both claims were denied on reconsideration. On

27

December 3, 1999, administrative law judge (ALJ) Robert E. Joyner held a hearing in Salem, Oregon, at which plaintiff appeared and testified. In February 2000, the ALJ found that plaintiff's addiction to drugs and alcohol was a factor material to a finding of disability and thus found that in the absence of such an addiction plaintiff was not disabled. On October 3, 2000, the Appeals Council denied plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. 20 C.F.R. § 405(g). In a decision dated March 21, 2002, this Court found that the ALJ's decision was not supported by substantial evidence and reversed and remanded the case for an award of benefits. Memorandum Opinion and Order (Opinion) at 17. Specifically, the ALJ failed to adopt the uncontradicted opinion of the medical expert, Dr. Smith, that plaintiff's substance addiction was not a contributing factor material to the finding that plaintiff was disabled. Dr. Smith's opinion was consistent with other medical evaluations in the record and the ALJ did not articulate any basis for discrediting this evidence. Opinion at 16.

## II. Discussion

The EAJA provides for an award of attorney fees and other expenses, but such an award is not automatic. See United States v. Hallmark Constr. Co., 200 F.3d 1076, 1079 (7th Cir.2000); Jackson v. Chater, 94 F.3d 274, 278 (7th Cir.1996). Eligibility for a fee award in any civil action requires: (1) that the claimant be a "prevailing party"; (2) that the Government's position was not "substantially justified"; (3) that no "special circumstances make an award unjust"; and, (4) pursuant to 28 U.S.C. § 2412(d)(1)(B), that any fee application be submitted to the court within 30 days of final judgment in the action and be supported by an itemized statement. Cummings v. Sullivan, 950 F.2d 492, 496 (7th Cir. 1991). In this case, it is undisputed that Smith is a prevailing party and that his fee application was timely. Further, the Commissioner does not argue that

special circumstances would make an award unjust. Thus, at issue in this action is whether the government's position was substantially justified.

The Supreme Court has found that the United States' position is substantially justified if it is " 'justified in substance or in the main'--that is, justified to a degree that could satisfy a reasonable person." Pierce v. Underwood, 487 U.S. 552, 565, 108 S.Ct. 2541, 2550, 101 L.Ed.2d 490 (1988). The Court stated that "a position can be justified even though it is not correct, and we believe it can be substantially (i.e., for the most part) justified if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact." Id. at 566 n. 2, 108 S.Ct. at 2550 n. 2. In other words, a position is substantially justified if (1) there is a rational basis for the facts alleged; (2) there is a rational basis for the legal theory; and (3) there is a rational connection between the facts alleged and the legal theory. Hallmark, 200 F.3d at 1080. In making this determination, it is appropriate for the district court to consider the government's litigating position as well as its prelitigation conduct--the action or inaction that gave rise to the litigation....EAJA fees may be awarded if either the government's prelitigation conduct or its litigation position are not substantially justified. Marcus v. Shalala, 17 F.3d 1033, 1036 (7th Cir.1994) (citation omitted). The government has the burden of proving its position had a reasonable basis in law and fact. Cummings v. Sullivan, 950 F.2d 492, 495 (7th Cir.1991).

In this case, the position of the government throughout the proceedings was that Smith was not entitled to benefits because his drug and alcohol addiction was material to a finding of disability. However, as noted in this Court's opinion of March 21, 2002, the ALJ came to the conclusion that Smith's drug and alcohol addiction was material to a finding of a disability by discounting the opinion of the medical expert Dr. Smith. Opinion at 15-16. The ALJ assumed

that Dr. Smith's opinion was based on an inaccurate view of the plaintiff's history of substance abuse. However, even a cursory review of the record would suggest that Smith had a long and substantial history of drug and alcohol abuse and there is no reason to believe that Dr. Smith's review of the record was anything less than thorough. The question before Dr. Smith was not whether the plaintiff had a long history of substance addiction, it was whether the plaintiff had a disability independent of his drug and alcohol addiction. Dr. Smith found that he did and the ALJ disregarded Dr. Smith's opinion and found that plaintiff's drug and alcohol addiction was material to a finding of a disability. The ALJ also disregarded (without discussing) the opinions of Drs. Herter and Pitchford regarding Smith's inability to work. The ALJ had no factual basis for his conclusion, thus the decision was unreasonable and not substantially justified. See Gibson-Jones v. Apfel, 995 F.Supp. 825, 826-27 (N.D.Ill.1998); Sutton v. Chater, 944 F.Supp. 638, 643 (N.D.Ill.1996). The Commissioner adopted, and continued to advocate, the ALJ's position throughout the proceedings in this Court despite the fact that the position was not supported by the evidence in the record. This Court cannot conclude that defendant's case was reasonably based in law and fact because the decision to deny coverage was made by disregarding evidence favorable to the plaintiff's claim. Thus, the government's position was not substantially justified and Smith is entitled to an award of attorney fees.

The Court must next determine the proper amount of the fee award. The relevant statute to determine the proper fee is 28 U.S.C. § 2412(d)(2)(A(ii) which proves that "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings, justifies a higher fee." An increase in the cost of living since March 1996, the date

when the statute was amended, justifies an increase in the statutory rate. The plaintiff proposes and hourly rate of $137.50 for work done in 2000, $142.50 for work done in 2001, and $143.75 for work done in 2002. These rates are based on the Consumer Price Index and are not objected to by the defendant. The Court will accept these rates.

Plaintiff's petition for attorney fees details the relevant hours and attorney costs for this case. Plaintiff seeks an award of 13.6 hours of attorney time for attorney Eric Schnaufer and an award of 25.1 hours of attorney time for attorney Kathryn Tassinari for a total of $5,495.76 in attorney fees.[1] The plaintiff is also seeking a supplemental award for attorney Schnaufer for 4.3 hours at the 2002 rate of $143.75 for reasonable fees for preparing the reply brief to the fee petition. The Court finds that the plaintiff's request for fees is reasonable and well documented. Accordingly, plaintiff is awarded attorney fees in the amount of $6,113.89.

**Conclusion**

For the foregoing reasons, plaintiff is awarded attorney fees in the amount of $6,113.89.

Enter:

David H. Coar
United States District Judge

Dated: September 23, 2002

---

[1] Schnaufer - 2.7 hours at 2000 rate of $137.50, 8.4 hours at 2001 rate of $142.50, and 2.5 hours at 2002 rate of $143.75. Tassinari - 2.1 hours at 2000 rate of $137.50, 21.5 hours at 2001 rate of 142.50, and 1.5 hours at 2002 rate of $143.75.